## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| JOHN H. VRATSINAS | ) | |
| | ) | BANKRUPTCY NO. 13-01085 |
| Debtor. | ) | |
| | ) | |
| | ) | |

### RULING ON MOTIONS FOR RELIEF FROM STAY

This matter came before the Court for a telephonic hearing on Stacy A. Vratsinas's ("Stacy") Amended Motion for Relief from Stay.  Stacy would like the automatic stay lifted so her dissolution of marriage case against Debtor may continue.  Michael P. Mallaney appeared for and briefed this issue on Stacy's behalf.  Dan Childers appeared for and briefed this issue on the Trustee's behalf.  Larry S. Eide appeared for and briefed this issue on behalf of the Debtor, John H. Vratsinas.

### STATEMENT OF THE CASE

Stacy filed for dissolution of marriage in Polk County on November 2, 2011. The Polk County District Court entered a Temporary Order on April 10, 2012, but had not entered a final judgment when Debtor filed his Chapter 7 bankruptcy on June 28, 2013.  Stacy requests that the Court lift the automatic stay so the dissolution of marriage claim can move forward. She also requests that the "adjudication by the Iowa District Court for Polk County be binding on the Bankruptcy Estate and Trustee as it pertains to the equitable distribution of assets and liabilities."

Trustee does not oppose lifting the stay so that the dissolution proceeding can continue, allowing the state court to adjudicate equitable division of property, child support, and alimony. However, Trustee opposes Stacy's request that the state court's property determinations be

"binding" on this Court. Debtor generally shares Trustee's arguments and, like Trustee, only objects to lifting the stay because Stacy would like the property determinations to be "binding" on this Court. They believe any fixing of her rights to martial assets is subject to the laws governing debtor's bankruptcy estate. Both Debtor and Trustee argue that Stacy now has only an unsecured claim in Debtor's estate. This Court agrees.

## CONCLUSIONS OF LAW AND DISCUSSION

I.   The Automatic Stay and Dissolution of Marriage

Section 362(b)(iv) specifically provides that the automatic stay does not apply to "the dissolution of marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate." Therefore, the stay cannot apply to the dissolution proceeding itself; it only applies to the equitable distribution of property. The parties argue only about the scope of the state court's role in making an equitable distribution of property if this Court lifts the stay.

Stacy requests that this Court lift the automatic stay so the entire state dissolution of marriage proceedings —including equitable distribution of property—can continue. The Bankruptcy Appeal Panel for the Eighth Circuit explains, "[a] decision to grant or deny a motion for relief from the automatic stay is within the discretion of the bankruptcy court." Blan v. Nachogdoches Cty. Hosp. (In re Blan), 237 B.R. 737, 739 (B.A.P. 8th Cir. 1999). A bankruptcy court can lift the automatic stay for cause. 11 U.S.C. § 362(d)(1) (2012); see also In re Blan, 237 B.R. at 739. The bankruptcy court should consider several factors when determining whether cause to lift the stay exists: "(1) judicial economy; (2) trial readiness; (3) the resolution of preliminary bankruptcy issues; (4) the creditors chance of success on the merits; and (5) the cost

2

of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors." In re Blan, 237 B.R. at 739.

The Bankruptcy Code provides special protections for domestic relations debts—giving them both priority and making the obligations generally non-dischargeable. See, e.g., 11 U.S.C. §§ 507(a)(1) & 523(a)(15) (2012). All of the factors favoring lifting the stay are satisfied here. Trustee and Debtor, in fact, do not oppose lifting the stay to allow the state court to adjudicate Stacy's claims and make an equitable division of property. Trustee's and Debtor's concern is the scope of the state court's order and potential effect of the proceeding on the bankruptcy estate.

## II.     The Effect of Stacy's Claim on the Bankruptcy Estate

### a.  Binding on the Bankruptcy Court

Stacy argues that the state court's determination of assets should "be binding on the Bankruptcy Estate and Trustee as it pertains to the equitable division of assets and liabilities." While Trustee and Debtor agree that the Court should lift the stay, they argue that the equitable division of property should only provide Stacy with an unsecured claim against the estate, and nothing more. Stacy believes that her claim should be binding and serve as a constructive lien on estate property.

Generally, bankruptcy courts defer to the state courts in domestic matters. See Robbins v. Robbins (In re Robbins), 964 F.2d 342, 344 (4th Cir. 1992); White v. White (In re White), 851 F.2d 170, 173 (6th Cir. 1988); MacDonald v. MacDonald (In re MacDonald), 755 F.2d 715, 717 (9th Cir. 1985). State laws define property rights. Butner v. United States, 440 U.S. 48, 55 (1979); see United States v. Schippers, No. 4:12-mj-135, 2013 WL 5998236, at *5 (S.D. Iowa 2013). The state court and the bankruptcy court have related, but distinct, obligations in a case where a divorce action and a bankruptcy filing have intermixed. As one court stated,

3

> while the adjudication of all rights, duties, and entitlements as between the debtor and the spouse are within the exclusive province of the state matrimonial court, it is within the exclusive province of the bankruptcy court to adjudicate the rights of creditors as against property of the debtor and property of the estate.

In re Palmer, 78 B.R. 402, 406 (Bankr. E.D.N.Y. 1987).

"Whether a particular debt is a support obligation or a part of a property settlement is a question of federal bankruptcy law, not state law." Phegley v. Phegley (In re Phegley), 443 B.R. 154, 158 (B.A.P. 8th Cir. 2011). Where the bankruptcy court and the state court are in direct conflict, the bankruptcy court, sitting as a federal court, will generally trump state-court action. Ridgeway v. Ridgeway, 454 U.S. 46, 55 (1981) ("[S]pecifically, a state divorce decree, like other law governing economic aspects of domestic relations, must give way to clearly conflicting federal enactments. That principle is but the necessary consequence of the Supremacy Clause of our National Constitution." (citations omitted)). As such, where a bankruptcy court is acting in the interest of the bankruptcy estate, a state court cannot "bind" the bankruptcy court. The state court will define the property rights, but the bankruptcy court will determine how those rights affect the estate.

### b. Whether Stacy Has a Constructive Lien or Unsecured Claim in the Bankruptcy

Stacy argues that even if the Bankruptcy Court does not determine, upon lifting the stay, that the divorce proceedings are binding, she suggests that she is effectively a lien-creditor, not an unsecured creditor. The Trustee and Debtor would like the Court to limit the scope of dissolution proceeding's effect on this Court, allowing Stacy a claim to the estate equivalent to an unsecured creditor. Trustee also points out that he has the rights of a hypothetical lien creditor that has priority over any unsecured claim, and the relief from stay should reflect that.

The Court need not decide all of these arguments at this time. The Court simply will provide relief from stay on the property division issues, and add no further conditions. When the dissolution and property division are complete, the Court will address the remaining issues if necessary.

## CONCLUSION

The state court is well-suited to determine the amount of Stacy's claim. This Court will not, however, specify the effect of that claim on Debtor's estate. That issue can be taken up, if necessary, after the divorce proceedings have concluded.

**WHEREFORE**, Stacy's Amended Motion for Relief from Stay is GRANTED, on terms consistent with this ruling.

Dated and Entered:

December 17, 2013

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE

5